**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-00062-TUC-RM (EJM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Henry Dosveli Mejia-Perez, | |
| Defendant. | |

Pending before the Court is Defendant Henry Dosveli Mejia-Perez's Motion to Dismiss the Indictment based on violations of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Speedy Trial Act (18 U.S.C. § 3161, *et. seq.*), and the Court Interpreters Act (28 U.S.C. § 1827). (Doc. 25.) The defendant seeks dismissal of the Indictment because he speaks insufficient Spanish (or English) to adequately communicate with counsel and understand court proceedings, and an interpreter cannot be located for the defendant's primary language, which is a dialect of Mam. *See* Def.'s Motion to Dismiss (Doc. 25). The Government filed a response essentially arguing that it is the court's responsibility and duty to find the defendant an adequate interpreter.

Pursuant to LRCrim. 5.1, this matter came before Magistrate Judge Markovich for an evidentiary hearing and a report and recommendation. On May 17, 2018 and May 25, 2018, an evidentiary hearing was held before this Court regarding the motion to dismiss.

The Magistrate Judge recommends that the District Court, after its independent review, grant defendant's motion and dismiss the indictment without prejudice.

## I.   FACTUAL BACKGROUND

### A.   The Incident Resulting in Arrest

The defendant was arrested on December 14, 2017, for allegedly assaulting a United States Border Patrol Agent.  A criminal complaint dated December 15, 2017, alleged the following facts that led to the defendant's arrest.  Border Patrol agents on duty in Three Points, Arizona, observed two individuals who they suspected had crossed illegally into the United States.  Agents apprehended one individual, but the second individual, later identified as the defendant, ran from the agents.  One of the agents pursued the defendant on his motorcycle.  The agent found the defendant hiding by a cactus.  The agent announced himself as a Border Patrol agent and gave commands for the defendant to put his hands in the air.  The commands were ignored and the agent grabbed the defendant's shirt collar.  The defendant stood up in an aggressive manner and grabbed the agent's arm and motorcycle handlebars, and lunged at the agent.  The defendant pulled the agent off the motorcycle and kicked and punched the agent.  Eventually, the agent was able to gain control of and arrest the defendant.   The defendant invoked his right to counsel after his arrest.

### B.   Prior Court Proceedings

The defendant appeared for an initial appearance on the complaint on December 15, 2017.  The defendant did not have counsel at the initial appearance, and he used the services of a Spanish interpreter.  On December 19, 2017, the defendant had his detention hearing and preliminary hearing, and again used a Spanish interpreter for those hearings. The defendant's appointed counsel was present for those hearings.   In the instant motion,

- 2 -

defense counsel represents that during his initial meeting with the defendant, it was apparent that he had difficulty understanding Spanish. However, counsel "felt that he could make it through the brief DH/PH hearing with a Spanish interpreter." (Doc. 25 at 2.) Counsel concluded that the defendant would need a Mam interpreter for future proceedings.

On January 10, 2018, a federal grand jury returned an indictment charging the defendant with assault on a federal officer. An arraignment was scheduled for January 26, 2018. Because of the need for a Mam interpreter, defense counsel rescheduled the arraignment for an individual hearing on February 8, 2018 before this Court.

Rosendo Aguilar, a Mam interpreter, was present by telephone to interpret for the defendant at the hearing on February 8, 2018. (Dkt. #14.) Mr. Aguilar informed the Court that he was unable to interpret for the defendant because of the dialect differences. As such, the arraignment was rescheduled for February 15, 2018.

At the arraignment on February 15, 2018 (Dkt. #15), another Mam interpreter, Bertilda Mendoza, was present by telephone to interpret for the defendant. However, once again, the arraignment could not take place because the interpreter and the defendant spoke different dialects even though they were both from the San Marcos department. The arraignment was continued to February 22, 2018.

On February 22, 2018 (Dkt. #16), the Court advised the parties that the interpreter's office for the District of Arizona had not yet been able to secure an appropriate Mam interpreter for the defendant. The Court reset the arraignment for March 1, 2018. That hearing was later rescheduled to March 2, 2018, based on the interpreter's availability.

On March 2, 2018 (Dkt. #18), for some unknown reason, Mam interpreter Bertilda Mendoza once again appeared telephonically for the hearing. Ms. Mendoza again confirmed that she could not communicate with the defendant, and expressed doubt as to whether the Court could secure an interpreter that spoke the defendant's dialect. The Court set a status conference and arraignment for March 14, 2018. However, that hearing

never occurred because of a miscommunication with the potential interpreter as to the time of the hearing. As such, the arraignment was continued to March 19, 2018.

On March 19, 2018 (Dkt. #23), Mariano de Jesus Garcia Matias appeared telephonically to interpret for the defendant. Mr. Garcia Matias speaks the defendant's dialect of Mam. However, because Mr. Garcia Matias does not speak English, Carlos Arvizu, a certified court Spanish interpreter, was present to translate between English and Spanish. Defense counsel met with the defendant using the services of both interpreters prior to the arraignment hearing. The Court ultimately conducted the arraignment using the two interpreters, and set a trial date of May 1, 2018 and a plea deadline of April 13, 2018.

### C.    Events Subsequent to the Arraignment

The plan was for defense counsel to use Mr. Garcia Matias to interpret for the defendant during their meetings at the pretrial detention facility where the defendant is housed. However, defense counsel has been unable to get in touch with Mr. Garcia Matias since the March 19, 2018 arraignment.

On April 6, 2018, court interpreter Juan Radillo advised the Court and the parties that Mr. Garcia Matias was available for a status hearing on May 2, 2018, and could set aside a three-hour block of time for the hearing. That amount of time was allocated for a status hearing to provide defense counsel with an adequate opportunity to review a plea offer with the defendant and prepare him for a change of plea hearing the same day if the defendant wanted to accept the offer. However, that hearing never occurred because Mr. Radillo lost contact with Mr. Garcia Matias, who has not returned phone calls or email communications. The defendant then filed the instant Motion to Dismiss.[1]

### D.    The May 17, 2018 Hearing on the Motion to Dismiss

A hearing on the Motion to Dismiss was held on May 17, 2018. Defense counsel reiterated that he cannot adequately or effectively communicate with the defendant in

---

[1] The defendant previously filed a Motion to Dismiss the indictment which was denied as moot when Mr. Garcia Matias was located to interpret for the defendant.

Spanish (or English), and that Mr. Garcia Matias has not responded to numerous phone messages or an email communication. Counsel cannot explain the plea offer or trial rights to his client, or summarize the government's evidence, because the defendant does not understand Spanish and an appropriate Mam interpreter has not been available.

Juan Radillo, a Spanish-speaking interpreter for the United States District Court for the District of Arizona, testified at the hearing. Mr. Radillo is responsible for arranging for interpreters who speak indigenous languages. He has made repeated efforts to find a Mam interpreter who speaks the defendant's dialect of Mam. As noted above, he located two Mam interpreters who did not speak the defendant's dialect. He successfully located Mr. Garcia Matias who speaks the defendant's dialect and served as an interpreter at the March 19, 2018 arraignment.

Subsequent to the arraignment, Mr. Radillo had a few conversations with Mr. Garcia Matias about scheduling a status conference and the documentation that Mr. Garcia Matias needed to submit to the court for payment. Mr. Radillo explained that Mr. Garcia Matias has not been paid for his prior interpretation services because he has not submitted the necessary paperwork. Mr. Radillo described Mr. Garcia Matias as unsophisticated; his daughter helps him with his business. To date, Mr. Garcia Matias has not submitted the necessary paperwork to be paid for his prior services.

Mr. Radillo believes the last communication he had with Mr. Garcia Matias was several weeks after the March 19, 2018 arraignment. Since his last communication with Mr. Garcia Matias, Mr. Radillo estimates that he called Mr. Garcia Matias a dozen times and sent him between six to eight email communications. Mr. Garcia Matias has not responded to Mr. Radillo's many phone calls and email communications requesting interpretation services. During the hearing on May 17, 2018, the Court placed a phone call to Mr. Garcia Matias. He did not answer, and the call did not go to voicemail.

At the request of the Court, Mr. Radillo spoke with the defendant during a recess to assess his fluency in Spanish. Mr. Radillo testified that the defendant's Spanish is fragmented. The defendant told Mr. Radillo that he never went to school and learned the

little Spanish that he knows while in custody on the instant offense.

In response to the Court's question, Mr. Radillo testified that he located the three Mam interpreters discussed above from a list of five Mam interpreters provided by the Administrative Office of the Courts (hereinafter "the AO"). Mr. Radillo testified that based on the area in Mexico that the defendant resides, he does not believe that the other two interpreters on that list speak the defendant's dialect of Mam. Nevertheless, the Court asked Mr. Radillo to contact these two interpreters and obtain dates/times that they were available for a status hearing to confirm whether either interpreter spoke the defendant's dialect of Mam.

Mr. Radillo also testified that there is a "listserv" that enables him to email all court interpreters in the United States federal court system. He sometimes uses the listserv to find interpreters for unique languages. Mr. Radillo does not believe he used the listserv to locate a suitable Mam interpreter in the case at hand. The Court asked Mr. Radillo to send an email using the listserv to determine if any other court has used or knows of an interpreter that speaks the defendant's dialect of Mam.

### E.    The May 25, 2018 Hearing on the Motion to Dismiss

At the hearing on May 25, 2018, Clark Feaster, a court interpreter for the District of Arizona, testified about Mr. Radillo's most recent efforts to secure a Mam interpreter.[2] Mr. Feaster testified that Mr. Radillo sent three emails inquiring about Mam interpreters generally, and the defendant's dialect specifically. One email was sent to the listserv of other federal court interpreters. The responses to that email only referenced the five interpreters on the list from the AO. Two emails were sent to organizations that deal with indigenous languages. There was no response to either email.[3]

Mr. Feaster also summarized the attempts to contact each of the five interpreters on the list from the AO. Rosendo Leon Aguilar Carrillo and Bertilda Martin Mendoza

---

[2] Mr. Radillo was unavailable for the morning hearing because of a family commitment. He advised chambers that he would be available in the afternoon.

[3] The emails were admitted as exhibits at the May 25, 2018 evidentiary hearing.

- 6 -

appeared at prior court hearings, but neither spoke the defendant's dialect of Mam. Mariano de Jesus Garcia Matias spoke the defendant's dialect of Mam and provided interpretative services for the arraignment on March 19, 2018; but he has not responded to Mr. Radillo's phone calls or email communications for the past month-and-a-half. Mr. Feaster advised that his office has been told that the Court cannot hire Ruben Aguilar because of administrative reasons; it is not known if Mr. Aguilar speaks the defendant's dialect of Mam (although Mr. Carrillo and Ms. Mendoza doubt that he does so). Mr. Feaster testified that Mr. Radillo had placed several phone calls to Jose Eduardo Castanon, but the calls went unanswered, and there was no prompt to leave a message. Mr. Radillo sent Mr. Castanon an email communication, but the email address is invalid. Mr. Feaster testified that Mr. Radillo was told that Mr. Castanon passed away.

Mr. Feaster testified that he and Mr. Radillo also contacted Carmelina Cadenz, who runs a company that provides interpretation services for several indigenous languages. Although she does not speak Mam, she was contacted to inquire whether she knew of any other Mam interpreters who may speak the defendant's dialect. She provided the name of Oscar Matias.

Defense counsel proffered that he had called Ms. Cadenz prior to the hearing and she advised counsel that although Mr. Matias speaks four dialects of Mam, she does not believe he speaks the defendant's dialect. The Court asked defense counsel to call Ms. Cadenz during a recess to ask if Mr. Matias is available for a hearing later in the day.[4] The purpose of the hearing with Mr. Matias was to confirm whether he spoke the defendant's dialect of Mam, or if he knows of any other interpreter who does so. Defense counsel called Ms. Cadenz, who advised counsel that Mr. Matias was available for a hearing at 2:30 p.m.  As such, the Court took a recess.

At the continued hearing at 2:30 p.m., Mr. Matias appeared telephonically. He advised the Court that he spoke with the defendant prior to the hearing, and Mr. Matias does not speak the same dialect of Mam as the defendant. Mr. Matias is unaware of

---

[4]  Ms. Cadenz arranges for Mr. Matias to provide interpretative services.

anyone who speaks the defendant's dialect of Mam.

Mr. Radillo was present for the 2:30 p.m. hearing.  He advised the Court and the parties that Ms. Cadenz is the person who informed him that Jose Eduardo Castanon (one of the five interpreters on the AO list) is deceased.  Mr. Radillo also advised that he has not had any contact with Mr. Garcia Matias between the May 17, 2018 evidentiary hearing and the instant hearing.

Finally, defense counsel advised the Court that he placed a phone call to Mr. Garcia Matias just before the 2:30 p.m. hearing began; no one answered the call.

## II.    DISCUSSION

Defendant seeks dismissal of the Indictment because he speaks insufficient Spanish (or English) to adequately communicate with counsel or understand court proceedings, and an adequate Mam interpreter cannot be located.  The government does not claim that defendant speaks sufficient Spanish (or English).  Rather, the government points out that it is the Court's duty to find a suitable Mam interpreter.  On that point, the government is correct.

A defendant has a statutory and constitutional right to an interpreter, if he needs one.  *United States v. Si*, 333 F.3d 1041, 1043–44 (9th Cir. 2003).  The Court Interpreters Act of 1978 provides:

> The presiding judicial officer, with the assistance of the Director of the Administrative Office of the United States Courts, shall utilize the services of the most available certified interpreter, **or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter**, in judicial proceedings instituted by the United States, if the presiding judicial officer determines on such officer's own motion or on the motion of a party that such party (including a defendant in a criminal case), or a witness who may present testimony in such judicial proceedings – (A) speaks only or primarily a language other than the English language[.]

28 U.S.C. § 1827(d)(1) (emphasis added).  Under the Court Interpreters Act, the Court must evaluate and make a record regarding the defendant's language abilities.  *See United*

*States v. Murguia-Rodriguez*, 815 F.3d 566, 570 (9th Cir. 2016); *Si*, 333 F.3d at 1044–45. Here, as discussed above, it is clear that the defendant needs a Mam interpreter who speaks his very rare dialect, and the Court cannot fulfill its statutory duty to provide him with one.

In addition to the statutory right to have an interpreter, numerous courts have recognized that the presence of an interpreter who provides accurate and complete translations is necessary to protect a defendant's constitutional rights. "These include the right to be meaningfully present at one's own trial, to assist in one's own defense, to have effective assistance of counsel and to confront the government's witnesses on cross examination." *United States v. Mosquera*, 816 F. Supp. 168, 172 (E.D.N.Y. 1993). *See Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994) (an accurate and complete translation of all attorney-client communications is necessary to ensure that a defendant receive effective assistance of counsel); *United States v. Carrion*, 488 F.2d 12 (1st Cir. 1973) (per curiam) (fair and accurate interpretation of proceedings essential to a defendant's rights under the Confrontation Clause); *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir. 1990) (acknowledging that the Court Interpreters Act, 28 U.S.C. § 1827, was intended to protect the existing constitutional rights of non-English speaking criminal defendants).

As discussed by District Judge Weinstein in *Mosquera*, each of these fundamental rights is hampered, and thus potentially violated, when a criminal defendant is not provided with an adequate interpreter.

> To be 'present' implies more than being physically present. It assumes that a defendant will be informed about the proceedings so he can assist in his own defense. If the right to be present is to have meaning it is imperative that every criminal defendant possess 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.' *Id.* (*quoting United States ex rel. Negron v. State of New York*, 434 F.2d 386, 389 (2d Cir. 1970).
>
> Effective assistance of counsel is impossible unless the client can provide his or her lawyer with intelligent and informed input. Counsel, however expert, is still just an 'aid to a willing defendant – not an organ of the State interposed between an unwilling defendant and his right to defend himself personally.'

> A defendant's right to have 'real notice of the true nature of the charge against him [is] the first and most universally recognized requirement of due process.' 'Because potential prejudice inheres in the denial of this right, prejudice is usually assumed' when it is shown to be denied.
>
> The confrontation clause requires that 'the accused . . . know . . . the nature and cause of the accusation he is called upon to answer, and all necessary means must be provided to this end.'
>
> The due process clause also prohibits trying the criminal defendant who lacks capacity to understand the proceedings, to consult with counsel, or to assist in the preparation of his defense.  This prohibition refers not only to mental incompetents, but also to those who are hampered by their inability to communicate in the English language.

*Mosquera*, 816 F. Supp. at 172-173.

The case at hand is unique in that the issue is not that the defendant is being denied adequate interpretation services as in *Mosquera;* rather, no interpreter speaks the defendant's dialect of Mam to translate for the defendant.  Indeed, this Court has not found a case where an interpreter cannot be found that speaks the defendant's dialect. *See Missouri v. William*, 505 S.W.3d 344, 350 n. 11 (Mo. Ct. App. 2016) ("The parties have not cited any case law, nor has this Court found any, addressing the effect on a criminal defendant's rights when a court cannot appoint an interpreter as requested . . . because an interpreter speaking an extremely rare dialect cannot be located.").  But the analysis is no different than if the defendant only spoke Spanish and was not provided with an adequate Spanish speaking interpreter.

Without an interpreter, the defendant cannot truly be "present" at his trial because he cannot be informed about the proceedings so he can assist in his own defense.  Nor does he possess the ability to consult with his lawyer with a reasonable degree of rational understanding.  Thus, effective assistance of counsel is not possible because the defendant cannot provide his lawyer with intelligent and informed input.  Due process is likewise not possible because the defendant does not have real notice of the true nature of the charge against him (other than being advised of the charge at his arraignment) or,

more importantly, the purported evidence that the government has to prove the charge. Finally, the confrontation clause cannot be complied with because, again, the defendant does not know the full extent of the nature and cause of the accusation that he is called upon to answer.[5]

Because each of the aforementioned constitutional and statutory rights already have been and will continue to be violated in the case at hand, it is recommended that the indictment be dismissed without prejudice.

## III.   CONCLUSION

Based on the opinions of the interpreters who have attempted to communicate with the defendant, as well as defense counsel's averment that he is unable to sufficiently communicate with the defendant to fulfill his responsibilities as his attorney, the Court finds that defendant is unable to proceed in Spanish or English.  To date, the Court has been unable to locate a Mam interpreter who both speaks the defendant's dialect and is responsive to the Court's requests for assistance, and the Court does not believe that an appropriate interpreter will be found.  Accordingly, the Court recommends granting the defendant's Motion to Dismiss.

## IV.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge GRANT the defendant's Motion to Dismiss (Doc. 25).

Pursuant to 28 U.S.C. § 636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR 18-00062-TUC-RM**.

---

[5] The defense has also alleged a Speedy Trial Act violation.  At the moment, there is no such violation because the filing of the instant motion tolled the Speedy Trial Act.

- 11 -

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 30th day of May, 2018.

Eric J. Markovich
United States Magistrate Judge